Jones, Chief Judge,
delivered the opinion of the court:
Plaintiff brings this suit to recover the difference between the disability retired pay of a major in the United States Marine Corps, which he has actually been receiving since March 1, 1954, and that of a lieutenant colonel to which he claims he is entitled.
While serving on active duty as a major in the Marine Corps, plaintiff underwent a preretirement physical examination during September of 1953 at Tripler Army Hospital. This examination demonstrated that plaintiff was suffering from spondylolisthesis L5-S1 and arthritic changes of the lumbosacral spine. As a result, a board of medical survey recommended on November 6, 1953, that he be transferred to the continental United States for an appearance before a physical evaluation board. Pursuant to this recommendation, plaintiff appeared before a physical evaluation board on February 8,1954, which found him “unfit to perform the duties of his rank by reason of physical disability,” i.e., because of spondylolisthesis. Plaintiff was thereupon placed on the temporary disability retired list of the Marine Corps, effective March 1, 1954, with a disability rating of 60 percent. His retired pay was, and still is, based on the rank of major with over 30 years’ active service creditable for computation of pay.
In the meantime, however, on October 22, 1953, a Navy selection board was convened pursuant to the authority granted by the Act of July 24, 1941, 55 Stat. 603, 604, as amended, 65 Stat. 108, 109. This board recommended plaintiff for temporary promotion to the rank of lieutenant colonel on November 3, 1953, and, by communication dated November 25, 1953, the President approved the selection subject to, inter alia, the usual physical examination required for promotion.
The directive of the Secretary of the Navy ordering the convening of the selection board stated, in reference to the eligibility requirements for promotion, as follows:
4. The Commandant of the Marine Corps, acting for the Secretary of the Navy, shall furnish the board with the names and records of the two himdred sixty-eight (268) most senior officers whose names are not on a promotion list and who are serving on active duty *695 in the grade of major, which officers may be considered by the board for temporary promotion to the grade of lieutenant colonel.
5. From among those officers serving on active duty in the grade of major, the board shall recommend for temporary promotion the one himdred twenty-one {121) most senior officers, without respect to categories, whom the board considers to be fully qualified to perform all the duties appropriate to the grade of lieutenant colonel. [Emphasis added.]
Plaintiff underwent the required examination for promotion on December 21, 1958, and was found to be physically disqualified by reason of the same disability for which he was eventually placed on the temporary disability retired list. Consequently, the Commandant of the Marine Corps terminated the existing authority for the temporary promotion of plaintiff to lieutenant colonel on January 13,1954.
Plaintiff’s claim for disability retired pay based upon the rank of lieutenant colonel rests upon section 402(d) of the Career Compensation Act of 1949, 63 Stat. 802, 818. That section, in so far as applicable, reads as follows:
A member of the uniformed services whose name is placed upon the temporary disability retired list.of his service * * *, shall be entitled to receive disability retirement pay computed, at his election, by multiplying an amount equal to the monthly basic pay of the rank, grade, or rating held by him at the time of the placement of his name on the temporary disability retired list * * *, by (1) * * *, or (2) * * *: Provided further, That if the physical disability entitling such member to disability retirement pay is found to exist as a result of a physical examination given in connection with effecting a permanent promotion or a temporary promotion where eligibility for such temporary promotion was required to have been based upon cumulative years of service or years of service in rank, grade, or rating, the disability retirement pay of such member shall be based upon the basic pay of the rank, grade, or rating to which such member would have been promoted but for such disability, * * *.
The Government concedes that plaintiff’s disability was “found to exist as a result of a physical examination given in connection with effecting” a temporary promotion within the intendment of section 402(d). Thus, the only issue *696 raised by these motions for our determination is whether or not plaintiff’s temporary promotion to lieutenant colonel was “required to have been based upon cumulative years of service or years of service in rank, grade, or rating.”
Plaintiff contends that the directive of the Secretary of the Navy convening the selection board which considered plaintiff’s qualifications for promotion shows on its face that his eligibility was required to have been based upon cumulative years of service or years of service in rank, grade, or rating. Defendant, on the other hand, insists that such is not the case at all; rather, the directive clearly indicates that plaintiff’s eligibility for promotion was based on nothing more than mere seniority. Both parties rely upon this court’s decision in Williams v. United States, 145 Ct. Cl. 513 (1959), in support of their respective positions.
The Act of July 24,1941, supra, under which the selection board acted, provides in section 5 that temporary appointments shall be made “in such numbers as the President may determine that the needs of the service require and in such manner and under such regulations as he may prescribe.”
The act of the Secretary was the act of the President and this authority flowed through the Commandant to the Board. Therefore, the President did determine that the needs of the service required a selection of a certain number for promotion and did direct the manner and regulations for the selection which was to be the “most senior officers.”
As indicated, the Career Compensation Act of 1949, supra, stipulates that in order for a member of the uniformed services to have the retirement benefits of a recommended temporary promotion of the type involved here, where actual promotion is prevented by disability, such promotion is “required to have been based upon cumulative years of service or years of service in rank, grade, or rating.”
The directive of the Secretary convening the selection board provides that the selection shall be made from the “most senior officers” within the relevant category. The question is whether the term “most senior officers” can be classed as coming within the expression “cumulative years of service or years of service in rank, grade, or rating.”
*697 It is true that technically construed the language is not the same, but in essence it appears clear that in order to be a “most senior officer” the seniority must be based either upon cumulative years of service or years of service in rank, grade, or rating, or both. From a practical viewpoint it seems impossible to select from a great number of officers in the service the limited number who are the “most senior officers” unless that seniority is based either on cumulative years of service or the years of service in rank, grade, or rating, or on both such bases. How else could they become the “most senior officers” in the selection from a much larger list?
The “most senior officers” denotes those officers who were then serving on active duty and who then had held the rank of major for the longest 'period of time, without reference to any specific length of time. It is true that the requirement does not specify a definite number of actual years of service nor a definite number of cumulative years of service, but it seems to us that this is necessarily embodied in the determination of whether a man was one of “the most senior officers.”
The defendant makes a most ingenious argument in undertaking to place the plaintiff outside the framework of the statute, but it seems to us that the distinction or difference is more technical than real and that when the statute and directive are considered together there can be no doubt that plaintiff meets the terms of the statute and directive as thus read together.
For the reasons stated above, plaintiff’s motion for summary judgment is granted and defendant’s motion for summary judgment is denied.
Plaintiff is entitled to recover and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38 (c).
It is so ordered.
Dare, Senior District Judge, sitting by designation; Dureee, Judge; Laramore, Judge; and Whitaker, Judge, concur.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on March 9, 1962, that judgment for plaintiff be entered for $5,562.36.